Jeffrey I. Carton
Jerome Noll
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
KIMBERLY MARTIN, on behalf of herself
and all others similarly situated,

                     Plaintiff,

    -against-

ADAPTIVE MARKETING, LLC, and
VERTRUE, INC.,

                     Defendants.
------------------------------------------------------------------X

08 Civ.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Kimberly Martin, by her attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for her class action complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

### Nature of this Case

1.     This action seeks to redress a deceptive and otherwise improper business practice that Defendants Adaptive Marketing, LLC ("Adaptive Marketing") and its parent company Vertrue, Inc. ("Vertrue") are perpetrating; specifically, the practice of imposing

unauthorized charges upon unsuspecting consumers who order services or merchandise from various internet websites and whose personal and confidential credit card and bank account information is then accessed, hijacked or stolen by Defendants.

2.    Both Adaptive Marketing's and Vertrue's business models are based on gaining access to confidential credit card and bank account information in order to charge consumers fees for worthless "memberships" and "services" that Plaintiff and other Class members never desired or authorized.

3.    Defendants have established one of the largest unauthorized consumer billing operations in the United States through the placement of internet advertising on various legitimate (and illegitimate) websites. The advertisements purport to sell membership programs that provide discounts on various consumer goods and services. Because there is no legitimate demand for these membership programs, Defendants' internet advertisements serve as a pretext for gaining access to consumers' confidential financial information in order to charge unauthorized fees.

4.    In fact, consumers almost never legitimately join any of Defendants' various membership programs, nor do they authorize Defendants to charge their credit cards or debit from their bank accounts any moneys. When consumers contact Defendants to request that they remove and refund the unauthorized fees charged to their credit cards, they are given the runaround, and are unable to obtain refunds of the unauthorized charges.

5.    Thus, as a result of Defendants' deceptive and improper actions, consumers, such as Plaintiff, have been charged unauthorized monthly "membership" fees, resulting in Defendants' improper and unlawful monetary gain and benefit.

2

6.     This suit is brought pursuant to the Electronic Funds Transfer Act

("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, Electronic Communications Privacy Act ("ECPA"),

15 U.S.C. §§ 1693 *et seq.*, Connecticut Unfair Trade Practices Act, <u>Conn. Gen. Stat.</u> §

42-110a, *et seq.* ("CUTPA"), and the common law of this State, on behalf of a

nationwide class of all persons who were charged fees or interest by Defendants, or any

one of their subsidiaries, for one or more "membership programs" maintained by

Defendants during the period from January 1, 2004, to the present. It seeks, <u>inter alia,</u>

compensatory damages, including, but not limited to, a refund of all unauthorized fees

charged to consumers; reimbursement of expenses, interest and fees incurred by Class

members as a result of Defendants' scheme; attorneys' fees; and the costs of this suit.

### Jurisdiction and Venue

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 15 U.S.C. § 1693m.  This is an action for violation of 15 U.S.C. §§ 1693 *et seq.* and

18 U.S.C. § 2510.

8.     Jurisdiction in this civil action is also authorized pursuant to 28 U.S.C.

§ 1332(d), as Plaintiff's citizenship is diverse from both Defendants, there are more

than 100 class members, and the amount in controversy is in excess of $5 million.

9.     This Court has supplemental jurisdiction over Plaintiff's state and common

law causes of action, including claims based on violations of <u>Conn. Gen. Stat.</u> § 42-

110a, *et seq.*, and the common law of this State, pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a

substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the

District of Connecticut.

3

11.    Venue is also proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiff's claims occurred in the District of Connecticut.

Parties

12.    Plaintiff Kimberly Martin is a citizen and resident of the State of Illinois, County of Lake.  Without Ms. Martin's authorization or knowledge, Defendants billed Ms. Martin's credit card $79.90.

13.    Defendant Adaptive Marketing, LLC is a limited liability company established under the laws of the State of Delaware, with its principal place of business located in Norwalk, Connecticut.

14.    Defendant Vertrue, Inc. is a corporation established under the laws of the State of Delaware, with its principal place of business located in Norwalk, Connecticut.

15.    Defendants Adaptive Marketing and Vertrue, Inc. do actual business throughout the State of Connecticut, including through operating and maintenance of interactive websites – adaptivemarketing.com, vertrue.com and shopping-essentials.com – accessible to consumers in, and residents of, the State.

Operative Facts

16.    Defendant Vertrue is a publicly traded Internet marketing services company that sells consumer-based membership and loyalty programs offered by Vertrue's wholly owned subsidiaries, including Defendant Adaptive Marketing.

17.    Defendant Adaptive Marketing, like its parent company Vertrue, Inc., sells "membership programs" that purport to provide consumers with access to discounts on various consumer goods and services.  Adaptive Marketing is located in the same

4

building as Vertrue, Inc., shares personnel with Vertrue, Inc., and markets the identical "membership programs" as Vertrue, Inc.  There exists a unity of interest and ownership between Vertrue, Inc. and Adaptative Marketing, and because Adaptive Marketing is controlled, managed and operated by Vertrue, Inc. without regard for corporate individuality, each is the alter ego of the other.

18.    For example, Defendant Vertrue markets a "membership program" named "Shopping-Essentials", which can be accessed at *shopping-essentials.com*.  Vertrue markets Shopping-Essentials through its wholly owned subsidiary and alter ego Adaptive Marketing.  The Adaptive Marketing website claims that membership in Shopping-Essentials purports to offer consumers savings "on everything from fashion and accessories to fitness and beauty, home decor and much more."

19.    Defendants market and sell their various membership programs, including membership in Shopping-Essentials, on web sites such as *ftd.com*, *classmates.com*, *ebay.com* and *paypal.com*, and enroll consumers visiting these websites in bogus "membership programs" without consumers' knowledge or consent. Put differently, the success of Defendants' business model depends on "cramming" consumers with membership charges, which Defendants are able to do when consumers innocently visit and order goods and services from legitimate internet based companies.

20.    Defendants do not send bills to consumers requesting payment or authorization for payment.  Rather, Defendants collect fees for their "membership programs" by charging – without prior authorization – consumers' credit cards, bank accounts, and debit cards.  Consumers are charged monthly fees that range

5

from $12.95 and $19.95 per month for these sham "memberships."

21.    On or about June 2, 2008, Plaintiff ordered flowers from *ftd.com* and paid for her order with a credit card.  To proceed through the purchasing process, Plaintiff provided *ftd.com* with personal information including her name, credit card number and its expiration date.

22.    Since that original purchase, four charges have appeared on Plaintiff's credit card, all dated July 8, 2008, totaling $79.90.  The charges are credited to "Shopping-Essentials", purportedly as payment for "membership" fees in Shopping-Essentials.

23.    Plaintiff was enrolled in Shopping-Essentials without her knowledge or consent and did not receive any bills requesting payment or authorization for payment.  She did not receive any documentation regarding her enrollment in the Shopping-Essentials membership program and has derived no benefit from her Shopping-Essentials "membership."

24.    The imposition of unauthorized charges and assessment totaling $79.90 represents a deliberate profit-making scheme by Defendants.  Enrollment in Defendants' sham membership programs provide Defendants with a consistent, lucrative and substantial source of revenue.

25.    There have been numerous consumer complaints to various Federal and State authorities about Defendants, and web sites are full of consumers who have complained about Defendants' unfair and deceptive practices, including their imposition of unauthorized charges upon unsuspecting consumers.

26.    As referred to above, no adequate notice has been provided to Plaintiff,

6

and no consent or bargained-for approval has been granted by Plaintiff or other consumers who were charged fees by Defendants. Nor do Defendants provide any notice, adequate notice or full disclosure of their unfair and deceptive scheme of charging Plaintiff and members of the Class unauthorized fees.

<u>Class Action Allegations</u>

27.    Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class (the "Class") of all persons in the Unites States whose credit card, bank debit card, or bank account information was obtained and/or intercepted by Defendants, and whose credit cards, bank debit cards or bank accounts were charged fees or interest by Defendants for one or more membership programs maintained by Defendants, including but not limited to membership in Shopping-Essentials, during the period from January 1, 2004, to the present.

28.    Excluded from the Class are Defendants; any parent, subsidiary, or affiliate of Defendants; any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants.

29.    This action is brought as a class action for the following reasons:

a.       The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.        There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

7

i.   whether Defendants violated the Electronic Communications Privacy Act , 18 U.S.C. §2510;

ii.   whether Defendants violated the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.*;

iii.   whether Defendants violated the Connecticut Unfair Trade Practices Act, <u>Conn. Gen. Stat.</u> § 42-110a, *et seq.*;

iv.   whether Defendants are being unjustly enriched by, among other things, charging Plaintiff and the Class unauthorized fees;

v.   whether Defendants unlawfully converted Plaintiff's and the Class' moneys for their own benefit;

vi.   whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

vii.   whether Defendants should be enjoined from the continued practices and policies with respect to the imposition of unauthorized charges and fees upon unsuspecting consumers.

c.   The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.   Plaintiff will fairly and adequately protect the interests of he Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

e.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.   Absent a class action, Class members as a practical

8

matter will be unable to obtain redress, Defendants' violations of their legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendants will continue to retain their ill-gotten gains;

       ii.    It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

       iii.    When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Class;

       iv.    A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

       v.    The lawsuit presents no difficulties that would impede its management by the Court as a class action.

       f.    Defendants have acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

       g.    The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendants and of inconsistent or varying adjudications for all parties.

       30.    Defendants' violations of 15 U.S.C. §§ 1693 *et seq.*, 18 U.S.C. § 2510 and Conn. Gen. Stat. § 42-110a, *et seq.* are applicable to all members of the Class, and Plaintiff is entitled to have Defendants enjoined from engaging in illegal, deceptive and unconscionable conduct in the future.

## FIRST CAUSE OF ACTION
(Violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*)

31.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 30 above as if fully set forth herein.

32.    The Electronic Funds Transfer Act ("EFTA") provides a basic framework establishing the rights, liabilities, and responsibilities of participants in an electronic fund transfer system. 15 U.S.C. § 1693.

33.    Plaintiff maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2), and is a "consumer" as that term is defined in 15 U.S.C. §1693a(5).

34.    Defendants engaged in "unauthorized electronic fund transfers," as that term is defined in 15 U.S.C. § 1693a(11), by charging Plaintiff's credit card without her authorization.

35.    Defendants violated EFTA because they initiated electronic fund transfers from Plaintiff's and the Class' accounts without obtaining prior written authorization.  Moreover, in further violation of EFTA, Defendants did not provide Plaintiff and the Class with copies of their authorizations or provide reasonable advance notice to Plaintiff and the Class of the amount to be transferred and the scheduled date of the transfer.

36.    Accordingly, pursuant to 15 U.S.C. § 1693m, Plaintiff and the Class seek damages, statutory damages, costs of suit, including reasonable attorneys' fees, and such other further relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510)

37.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1

10

through 36 above as if fully set forth herein.

38.    The transmission of data by Plaintiff and the Class between their computers and various internet websites, including but not limited to electronic funds transfer information stored by a financial institution, constitutes "electronic communications" within the meaning of 18 U.S.C. § 2510.

39.    Defendants intentionally obtained and/or intercepted these electronic communications without Plaintiff's or the Class' knowledge, consent or authorization.

40.    As described herein, Defendants used the intercepted electronic communications for an unlawful purpose.

41.    Pursuant to 18 U.S.C. § 2520, Plaintiff and the Class are entitled to preliminary, equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Defendants' profits obtained from the above-described violations.

### THIRD CAUSE OF ACTION
(Violation of Connecticut Unfair Trade Practices Act)

42.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 41 above as if fully set forth herein.

43.    Through its conduct described above, Defendants have engaged in deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*, whose stated terms and intent is to protect Connecticut consumers from improper, deceptive and unfair terms and conditions and to protect their economic interests.

11

44.     Plaintiff and the Class have suffered an ascertainable loss of money or property as a result of Defendants' actions.

45.     By reason of the foregoing, Defendants have violated CUTPA and are liable to Plaintiff and the Class, pursuant to <u>Conn. Gen. Stat.</u> § 42-110g and h, for the damages that they have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial, plus attorneys' fees.

FOURTH CAUSE OF ACTION
(Unjust Enrichment)

46.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47.     By engaging in the conduct described above, Defendants have unjustly enriched themselves at the expense of Plaintiff and the Class and are required, in equity and good conscience, to compensate Plaintiff and the Class for damages suffered as a result of Defendants' actions.

48.     By reason of the foregoing, Defendants are liable to Plaintiff and the Class for damages incurred as a result of Defendants' actions, the amount of such damages to be determined at trial.

FIFTH CAUSE OF ACTION
(Conversion)

49.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 48 above as if fully set forth herein.

50.     Defendants, without Plaintiff's and the Class' permission, unlawfully and wrongfully seized possession of moneys rightfully belonging to Plaintiff and the Class through unlawful acts and conduct, as described herein.

12

51.     Defendants have converted Plaintiff's and the Class' moneys for their own use and benefit, and have accepted and retained Plaintiff's and the Class' moneys in their own name, under Defendants' exclusive custody and control.

52.     As a result of Defendants' unlawful acts and conduct, Plaintiff and the Class were deprived of the use of their money that was unlawfully converted by Defendants, and are therefore entitled to restoration of their money, along with interest thereon from the date the money was converted by Defendants to the date of judgment, compensatory damages and punitive damages.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief)

53.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54.     Given Defendants' wrongful actions as set forth above, which are ongoing and continuing to deceive and harm Plaintiff, members of the Class and the general public, the Court should a) preliminarily and permanently enjoin Defendants from continuing their practice of charging Plaintiff and the Class fees without their authorization; b) order Defendants to disgorge all profits earned in connection with the improper and impermissible expropriation of fees through the policy and practice of charging Plaintiff's and the Class' credit and debit cards without prior authorization; and c) order Defendants to take all steps necessary to disclose their policy of charging consumers fees without prior authorization.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

13

1.      Certifying this action as a class action, with a class as defined above;

2.      On Plaintiff's First Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial, plus statutory damages, attorneys' fees and costs;

3.      On Plaintiff's Second Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial, plus statutory damages, punitive damages, attorneys' fees and costs;

4.      On Plaintiff's Third Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial, plus attorneys' fees and costs;

5.      On Plaintiff's Fourth Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial;

6.      On Plaintiff's Fifth Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial;

7.      On Plaintiff's Sixth Cause of Action, a) declaring that Defendants' practice of unauthorized credit and debit card charges is misleading, deceptive and improper, b) preliminarily and permanently enjoining Defendants from continuing their deceptive policies relating to the practice of charging Plaintiff and the Class fees

14

without prior authorization; c) ordering Defendants to disgorge all profits earned in connection with the improper and impermissible expropriation of "membership" fees through their policy and practice of charging Plaintiff's and the Class' credit and debit cards, without prior authorization; and d) ordering Defendants to take immediately all steps reasonably necessary to disclose their policy of charging "membership" fees without prior authorization;

8.      Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

9.      Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Fed.R.Civ.P., Plaintiff hereby demands a trial by jury.

Dated:      White Plains, New York
            August 12, 2008

                            MEISELMAN, DENLEA, PACKMAN,
                            CARTON & EBERZ P.C.

            By:     _____
                            Jeffrey I. Carton, Esq.
                            Federal Bar No. ct19966
                            jcarton@mdpcelaw.com

                            Jerome Noll, Esq.
                            1311 Mamaroneck Avenue
                            White Plains, New York 10605
                            (914) 517-5000

                            Attorneys for Plaintiff

210255.WPD

15